United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 11, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 26-30895** |
| AZHAR CHAUDHARY LAW FIRM, PC, | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| AZHAR M CHAUDHARY and AZHAR | § | |
| CHAUDHARY LAW FIRM, PC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 26-3128** |
| | § | |
| HAMZAH ALI, WAYNE DOLCEFINO, | § | |
| and DOLCEFINO CONSULTING, LLC, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

This Court addresses whether to remand to state court an adversary proceeding involving claims that constitute the principal asset of a Chapter 11 bankruptcy estate. Azhar Chaudhary Law Firm, PC (the "*Debtor*") and Azhar M. Chaudhary ("*Plaintiffs*") filed a Motion for Remand to State Court on May 15, 2026, seeking to return this proceeding to the 400th Judicial District Court of Fort Bend County, Texas ("*Motion*").[1] Defendant Hamzah Ali filed a timely Response in Opposition on June 10, 2026 ("*Response*").[2] The central issue is whether this court should retain jurisdiction over this adversary proceeding or remand it to state court on equitable grounds. This determination requires analysis of: (1) whether this court possesses statutory jurisdiction under 28 USC § 1334, (2) whether removal was proper and timely under 28 USC § 1452, (3) whether

---

[1] ECF No. 5.
[2] ECF No. 9.

mandatory abstention applies under 28 USC § 1334 and (4) whether the equitable factors under § 1452(b) favor remand.

The facts present a stark contradiction. The Debtor's Amended Schedule A/B,[3] executed under penalty of perjury by the Debtor's President, lists the claims at issue in this adversary proceeding as a $1,200,000 asset-representing approximately eighty-five percent of the estate's total scheduled property of $1,412,663.[4]  The remaining estate assets are minimal: $250 in cash, $2,900 in office equipment, accounts receivable written down to zero as entirely uncollectible, and a one-half interest in real property encumbered by an unrecorded conveyance to a third party.[5] Yet Plaintiffs assert in their Motion that the outcome of this case will not affect the administration of the debtor's estate.[6] This assertion is irreconcilable with the Debtor's sworn schedules. The liquidation of these claims will determine, nearly dollar for dollar, what, if anything, the Debtor's creditors recover in this Chapter 11 case. Few proceedings could be more central to the administration of a bankruptcy estate than the prosecution of the estate's single largest scheduled asset.

This Court possesses clear jurisdiction over this adversary proceeding under the Fifth Circuit's related to standard because the claims constitute property of the estate and represent approximately eighty-five percent of the estate's scheduled value. The outcome of this proceeding will directly determine what assets are available for distribution to creditors and will drive the feasibility of any reorganization plan. Removal was proper and timely, and the presence of non-debtor parties does not defeat jurisdiction when the claims are intertwined with estate property.

---

[3] "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 26-30895.  Entries made in Plaintiff's Adversary number 26-3128 shall take the format of ECF No. __.
[4] Bankr. ECF No. 11 at 9, ℙ 75.
[5] See generally Bankr. ECF No. 9.
[6] ECF No. 5 at 3, ℙ 7.

Mandatory abstention does not apply because Plaintiffs have failed to demonstrate that the action can be timely adjudicated in state court. The four-year pendency of the action without trial, combined with the absence of any documentary evidence of a trial setting, establishes that state court adjudication is not feasible within a reasonable timeframe.

The equitable factors under § 1452(b) weigh decisively against remand. The efficient administration of the estate requires retention of the proceeding in bankruptcy court, where the litigation outcome can be coordinated with plan development, disclosure statement preparation, and settlement approval processes. The state law claims are routine and do not present difficult or unsettled questions of Texas law. The intertwined nature of the Debtor's and individual plaintiff's claims makes severance impractical. Remand would fragment the administration of the estate's most significant asset and create inefficiency. The Debtor voluntarily invoked bankruptcy jurisdiction and cannot now insist that its principal asset be liquidated in another forum beyond the bankruptcy court's oversight. The Court finds that although removal was proper and timely, mandatory abstention does not apply, and the equitable factors weigh decisively against remand. Accordingly, the Motion for Remand to State Court is DENIED.

## I.   BACKGROUND

### A.  The Underlying State Court Action

On April 11, 2022, Plaintiffs filed suit in the 240th Judicial District Court of Fort Bend County, Texas, Cause No. 22-DCV-292633, against Hamzah Ali ("*Ali*"), Wayne Dolcefino, and Dolcefino Consulting, LLC ("*Defendants*").[7] The state court action asserts exclusively state-law tort claims, including civil conspiracy, statutory libel, libel per se, invasion of privacy by appropriation, slander per se, intentional infliction of emotional distress, tortious interference with current and prospective business relations, business disparagement, negligence, and assault.

---

[7] ECF No. 1, Ex. 2.

Plaintiffs sought monetary relief in excess of $1,000,000.[8] The state court action remained pending for approximately four years without proceeding to trial. Plaintiffs assert that the case was scheduled for trial prior to removal[9], though no scheduling order, trial setting, or docket sheet has been provided to the Court.

### B. The Bankruptcy Filing and Amended Schedule A/B

On February 10, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing Case No. 26-30895 in this Court.[10] On April 5, 2026, the Debtor filed its Amended Schedule A/B, executed under penalty of perjury by Azhar M. Chaudhary as President of the Debtor.[11] The Amended Schedule A/B lists the following assets:

| Scheduled Asset | Scheduled Value |
|---|---|
| Cash (Capital One checking account) | $250.00 |
| Accounts receivable ($2,900,000.00 face amount, offset in full as doubtful or uncollectible) | $0.00 |
| Office furniture and equipment | $2,900.00 |
| One-half undivided interest in real property, subject to unrecorded Special Warranty Deed dated 1/8/2024 conveying interest to co-owner, Haash Holdings, LLC | $209,513.00 |
| Claims against Hamzah Ali, Wayne Dolcefino and Dolcefino Consulting, LLC | $1,200,000.00 |
| **TOTAL SCHEDULED PROPERTY** | **$1,412,663.00** |

The claims against the Defendants represent approximately eighty-five percent of the estate's total scheduled value. The remaining scheduled assets consist of minimal cash, accounts receivable that the Debtor itself has written down to zero as entirely doubtful or uncollectible,

---

[8] ECF No. 1, Ex. 2.
[9] ECF No. 5 at 3, ¶ 6.
[10] Bankr. ECF No. 1.
[11] Bankr. ECF No. 24.

minimal office equipment, and a one-half undivided interest in real property that the Debtor concedes is subject to an unrecorded Special Warranty Deed conveying the interest to a co-owner.

### C. Removal to Bankruptcy Court

On April 21, 2026, Defendant Hamzah Ali filed a Notice of Removal, removing the state court action to this Court pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027.[12] The removal was filed within ninety days after the order for relief, as required by Federal Rule of Bankruptcy Procedure 9027(a)(2) for claims pending when the petition is filed. Plaintiffs do not contend that the removal was untimely.

### D. The Motion for Remand and Response

On May 15, 2026, Plaintiffs filed their Motion for Remand to State Court, seeking remand solely on equitable grounds.[13] In the Motion, Plaintiffs assert that: (1) the state-law action is based entirely on state law issues with no federal question; (2) the state court is the most convenient forum; (3) the case is only related to the underlying bankruptcy case, rather than arising in or arising under the Bankruptcy Code; (4) the suit involves non-debtor parties, whose presence makes it efficient to stay in state court; (5) the case was scheduled for trial prior to removal, and re-litigating the entire matter would waste judicial resources; (6) the outcome of this case will not affect the administration of the debtor's estate; (7) the state court is better suited to resolve purely state-law issues; and (8) remanding the case will avoid duplicative litigation and respect the state court's right to decide matters of its own law. [14] On June 10, 2026, Defendant Hamzah Ali filed a comprehensive Response in Opposition to the Motion for Remand, arguing that the claims are not merely related to the bankruptcy case but constitute the estate's principal asset, that the Debtor's

---

[12] ECF No. 1.
[13] ECF No. 5.
[14] *See* generally ECF No. 5.

assertion regarding lack of effect on estate administration contradicts its own sworn schedules, and that all equitable factors weigh against remand.[15]

## II.   ANALYSIS

### A.  Jurisdiction

This Court possesses Jurisdiction over this removed action pursuant to 28 U.S.C. § 1334(b), which grants district courts, and by delegation bankruptcy courts, jurisdiction over all civil proceedings arising in or related to cases under the Bankruptcy Code.[16] Federal-question jurisdiction under 28 U.S.C. § 1331 is not a prerequisite to bankruptcy jurisdiction. The statutory language of § 1334(b) is sufficiently broad to encompass state-law claims that bear a relationship to the bankruptcy estate or its administration.

The Fifth Circuit has adopted the related to test, which provides that a civil proceeding is related to a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.[17] This standard, originally articulated in *Pacor, Inc. v. Higgins*, does not require that the proceeding arise under federal law or that it directly involve bankruptcy issues; rather, it focuses on whether the proceeding's resolution will have an impact on estate administration or creditor recoveries.[18]  The Supreme Court has endorsed this approach, recognizing that bankruptcy courts may exercise jurisdiction over related proceedings to effectuate the purposes of the Bankruptcy Code.[19] The Fifth Circuit has further clarified that the related to test does not demand certainty or a high likelihood of impact; rather, a possibility that the outcome could affect the estate is sufficient to establish jurisdiction.[20]

---

[15] *See* generally ECF No. 9.
[16] 28 USC § 1334.
[17] Wood v. Wood, 825 F.2d 90 (5th Cir. 1987).
[18] Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984).
[19] Celotex Corp. v. Edwards, 514 U.S. 300, 115 S. Ct. 1493 (1995).
[20] Edge Petroleum Operating Co. v. GPR Holdings, L.L.C., 483 F.3d 292 (5th Cir. 2007).

### 1. Application to the Estate's Principal Asset

The present case presents a straightforward application of the related to test. The Debtor's Amended Schedule A/B, executed under penalty of perjury, identifies the claims against Hamzah Ali, Wayne Dolcefino, and Dolcefino Consulting, LLC as a $1.2 million asset. This scheduled claim represents approximately eighty-five percent of the Debtor's total scheduled property, valued at $1,412,663. The remaining estate assets are minimal, consisting of modest cash holdings, office equipment, accounts receivable written down to zero, and a half-interest in real property encumbered by an unrecorded conveyance. Given that the litigation claim constitutes the estate's principal asset, the outcome of this tort action will directly and substantially affect the value available for distribution to creditors. Any judgment, settlement, or dismissal will materially alter the estate's financial position and the recoveries available to unsecured creditors. This direct nexus between the litigation outcome and estate value satisfies the related to standard under Fifth Circuit precedent.

### 2. Prepetition Causes of Action as Estate Property

Prepetition causes of action, including tort claims arising before the filing of the bankruptcy petition, constitute property of the estate.[21] The Fifth Circuit has recognized that causes of action held by the debtor at the time of bankruptcy filing become estate property, regardless of whether they have been reduced to judgment or asserted in litigation.[22] Because the claims against the Defendants are estate property under § 541(a)(1), and because their resolution will affect the estate's value and the distribution to creditors, this Court's jurisdiction is firmly grounded in both the statutory language of § 1334(b) and Fifth Circuit precedent interpreting the related to standard.

---

[21] 11 USC § 541.

[22] In re Mortgage America Corp., 714 F.2d 1266 (5th Cir. 1983), Schertz-Cibolo-Universal City v. Wright, 25 F.3d 1281 (5th Cir. 1994).

### 3. Non-Debtor Parties and Intertwined Claims

Plaintiffs contend that the presence of non-debtor defendants and the non-debtor co-plaintiff defeats bankruptcy jurisdiction.[23] This argument lacks merit. The fact that a civil proceeding involves non-debtor parties does not divest the bankruptcy court of jurisdiction when the claims are intertwined with estate property or estate administration.[24] The tort claims asserted in the state action are claims held by the Debtor and scheduled as estate assets. The individual plaintiff, Azhar M. Chaudhary, is the President of the Debtor and is asserting claims jointly with the Debtor entity. The claims are pleaded jointly in every count, arise from the same alleged publications and statements, and seek overlapping damages. The presence of non-debtor defendants does not sever the connection between the litigation and the estate. Permitting the action to proceed in state court would fragment the bankruptcy estate's assets and impede the orderly administration of the estate.

### 4. Propriety and Timeliness of Removal

Removal of this action was authorized under 28 U.S.C. § 1452(a), which permits removal of civil proceedings related to a bankruptcy case. The removal was timely under Federal Rule of Bankruptcy Procedure 9027(a)(2), which requires removal within ninety days of the order for relief. The record establishes that removal occurred on April 21, 2026, well within the ninety-day window. Timeliness is not disputed by the parties.

### B. Mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply

---

[23] ECF No. 5 at 3, ₱ 5.
[24] Celotex Corp. v. Edwards, 514 U.S. 300, 115 S. Ct. 1493 (1995).

Although Plaintiffs did not expressly invoke mandatory abstention under 28 U.S.C. § 1334(c)(2), the Court addresses this doctrine for completeness. Mandatory abstention requires the movant to establish that a proceeding satisfies all statutory criteria. The statute provides that a court shall abstain from hearing a proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. Specifically, mandatory abstention applies when: (1) the motion is timely filed; (2) the dispute is based upon a state law claim or cause of action; (3) the proceeding is non-core; (4) the court's jurisdiction is based solely on section 1334; and (5) the action was commenced in state court and can be timely adjudicated there. The burden rests upon the movant to prove each element.[25] Critically, the requirement that an action can be timely adjudicated in state court is not merely a formality but a substantive prerequisite to mandatory abstention. The movant must affirmatively demonstrate that state court adjudication is feasible within a reasonable timeframe.

Plaintiffs assert that the state court action was scheduled for trial but provide no documentary evidence supporting this claim. No docket sheet, scheduling order, or trial notice has been submitted to establish a definite trial date or even a realistic prospect of imminent trial. The bare assertion of a trial setting, unsupported by the state court record, is insufficient to satisfy the movant's burden of proving timely adjudication. The state court action has been pending in state court for approximately four years without proceeding to trial. This extended period of inactivity, coupled with the absence of any scheduling order or trial date in the record before this Court, strongly suggests that timely adjudication in state court is not feasible. Moreover, the claim at issue is valued at $1.2 million, representing approximately eighty-five percent of the debtor's scheduled estate value. Liquidation of this asset is central to the Chapter 11 administration and the

---

[25] Mugica v. Helena Chem. Co., 362 B.R. 782 (Bankr. S.D. Tex. 2007).

formulation of any plan of reorganization. The bankruptcy estate's substantial dependence on this claim creates an urgent need for prompt resolution. Remanding the action to state court, where it has languished for four years without trial, would frustrate the bankruptcy process and delay the estate's ability to assess its true value and develop a feasible reorganization plan. Plaintiffs have failed to establish that the state court action can be timely adjudicated in state court. Accordingly, mandatory abstention under 28 U.S.C. § 1334(c)(2) is not warranted and does not provide a basis for remand.

### C.  The equitable factors under 28 U.S.C. § 1452(b) weigh decisively against remand

Upon removal of a claim or cause of action related to a bankruptcy case, the bankruptcy court possesses broad discretion to remand such claim or cause of action back to the originating court based on any equitable ground.[26] Courts in the Fifth Circuit consider multiple overlapping factors, including the effect on the efficient administration of the estate, the extent to which state-law issues predominate, the difficulty or unsettled nature of the applicable state law, the presence of related proceedings commenced in state court, the degree of relatedness of the proceeding to the main bankruptcy case, the feasibility of severing the state-law claims, the likelihood that the proceeding involves forum shopping, the existence of a right to jury trial, and the presence of non-debtor parties.[27]

### A.  Efficient administration of the estate and degree of relatedness

The most compelling equitable consideration in this case is the direct and substantial impact of the adversary proceeding on the administration of the bankruptcy estate. The lawsuit constitutes the estate's principal asset, valued at $1.2 million of the total $1.412 million estate. The

---

[26] 28 USC § 1452.

[27] Browning v. Navarro, 743 F.2d 1069 (5th Cir. 1984); *In re Pearl Res. LLC*, No. 20-31585, 2022 WL 17478531 (Bankr. S.D. Tex. Dec. 6, 2022).

outcome of this litigation will directly determine the assets available for distribution to creditors and will drive the feasibility of any reorganization plan. The degree of relatedness is extraordinarily high. The proceeding is integral to the bankruptcy case. Retention of this proceeding in bankruptcy court ensures that the litigation outcome can be coordinated with plan development, disclosure statement preparation under 11 U.S.C. § 1125, and settlement approval processes under Federal Rule of Bankruptcy Procedure 9019. Remand would fragment the administration of the estate's most significant asset, creating inefficiency and potential inconsistency in how the litigation's resolution is integrated into the bankruptcy process. A debtor in possession prosecutes estate causes of action as a fiduciary for its creditors, and the bankruptcy court supervises the discharge of those fiduciary duties. Retention allows a single court to coordinate the liquidation of the estate's principal asset with the progress of the Chapter 11 case, while remand would guarantee fragmentation and deprive the bankruptcy court of visibility into and control over its only meaningful asset.

## 2. Predominance of state law issues and comity considerations

Plaintiffs emphasize that the claims are purely Texas tort claims governed by state law and that comity favors remand to the state court.[28] While the substantive law governing the tort claims is indeed state law, this factor does not predominate over the bankruptcy considerations in this case. The resolution of state law claims does not require novel or unsettled legal interpretation; Texas tort law is well-developed and capable of application by the bankruptcy court. The fact that state law governs the underlying claims does not diminish this Court's authority or competence to adjudicate them, particularly where the claims are integral to estate administration. Comity considerations, while relevant, must be balanced against the paramount interest in efficient estate administration. The state court's four-year pendency of the case, without evidence of imminent

---

[28] ECF No. 5 at 3.

trial, suggests that state court resolution is not imminent. Remand would not accelerate resolution but would instead create the inefficiency of parallel proceedings. This Court's retention of the proceeding respects state law by applying it correctly while serving the overriding federal interest in efficient bankruptcy administration.

### 3. Feasibility of severance and intertwined claims

A critical equitable consideration is the practical feasibility of severing state law claims from bankruptcy matters. The debtor's claims and the individual plaintiff's claims are intertwined. The claims arise from the same factual predicate and involve overlapping parties and legal theories. Attempting to sever the proceeding would create confusion, increase litigation costs, and risk inconsistent outcomes. Retention of the entire proceeding in bankruptcy court avoids these inefficiencies and ensures coherent adjudication of the interrelated claims.

### 4. Presence of non-debtor parties and jury trial considerations

Plaintiffs note that non-debtor parties are involved in the litigation. However, the presence of non-debtor parties does not automatically warrant remand, particularly where the proceeding is central to estate administration. Non-debtor parties regularly appear in bankruptcy adversary proceedings, and their involvement does not divest the bankruptcy court of jurisdiction or equitable authority to retain the proceeding. Regarding jury trial rights, the bankruptcy court may, in appropriate circumstances, conduct jury trials with the parties' consent under 28 U.S.C. § 157(e), or may coordinate with the district court to accommodate jury trial demands. The potential jury trial issue does not outweigh the substantial equitable considerations favoring retention.

### 5. Pendency of related state court proceeding and judicial economy

The case has been pending in state court for four years without evidence of imminent trial. This extended pendency suggests that state court resolution is not forthcoming. Remand would not accelerate resolution but would instead perpetuate the existing delay while creating additional

coordination burdens between the bankruptcy and state courts. Remand would create substantial duplication and inefficient use of judicial resources. This Court is already seized of the debtor's Chapter 11 case and possesses comprehensive knowledge of the estate's composition, the debtor's financial condition, and the creditor body. Retention of the adversary proceeding allows this Court to coordinate the litigation with plan formulation, avoiding the need for parallel proceedings in two forums and the attendant risk of inconsistent rulings or duplicative discovery and motion practice.

6. **Forum shopping and voluntary invocation of bankruptcy jurisdiction**

The Debtor filed for Chapter 11 protection, swore that this lawsuit is a $1.2 million estate asset, and then promptly sought to litigate that asset in a forum free of bankruptcy court oversight. The Debtor voluntarily invoked bankruptcy jurisdiction and obtained the benefits of the automatic stay and exclusivity. It cannot now insist that its principal asset be liquidated in another forum, beyond the supervision of the very court charged with administering that asset for the benefit of creditors.

7. **Preservation of prior proceedings under Rule 9027(i)**

Plaintiffs argue that re-litigating the entire matter would waste judicial resources. This argument misunderstands the effect of removal. Federal Rule of Bankruptcy Procedure 9027(i) provides that any injunction or order issued, or other proceeding had, before the removal remains in effect until dissolved or modified by the court. The parties' discovery, the state court's rulings, and every other product of the four years the case spent on the state docket travel with the case. Whatever trial-readiness exists is preserved in full in the bankruptcy court and as may be further modified by this Court's scheduling order to be issued.

8. **Summary of equitable balance**

The equitable balance strongly favors retention of the adversary proceeding. The proceeding is central to estate administration. Retention serves judicial economy, prevents duplication, and ensures efficient administration of the estate's principal asset. While comity and state law predominance are relevant considerations, they do not outweigh the substantial equitable interests in retention. The presence of non-debtor parties and potential jury trial issues do not alter this analysis. The intertwined nature of the claims and the impracticality of severance further support retention.

For the foregoing reasons, Plaintiffs' Motion for Remand to State Court is DENIED. This adversary proceeding shall remain in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and shall proceed according to the applicable rules and procedures governing bankruptcy adversary proceedings.

The Court will issue a separate order consistent with this Memorandum Opinion.

**SIGNED Thursday, June 11, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**